(53 Misc. Rep. 56)

### ROUSE v. WHITNEY et al.

(Supreme Court, Special Term, Essex County. November, 1906.)

1. GUARDIAN AND WARD—GUARDIAN'S BOND—FRAUD OF GUARDIAN.

In an action on a guardian's bond for moneys lost through improper investments by her in her capacity as administratrix before her appointment as guardian, her fraud or misrepresentaion to her sureties on her bond as guardian with reference to the investment of the fund at or prior to the execution of the undertaking sued on was unavailable to relieve her sureties from liability to the ward for a devastavit.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 25, Guardian and Ward, §§ 576, 591, 601.]

2. SAME—EXECUTION.

The return unsatisfied of an execution issued on a surrogate's decree in a proceeding by a ward against his guardian is sufficient to justify an action against the guardian's sureties, and sufficient proof that the plaintiff has exhausted his remedies against the guardian.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 25, Guardian and Ward, §§ 630–635.]

3. SAME—ACCOUNTING—PRESUMPTIONS.

A deed of conveyance from a guardian to her ward after the latter arrived at age was not presumptive evidence of a settlement of all matters between them, and could not be extended by inference to matters other than those specifically mentioned or referred to.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 25, Guardian and Ward, § 546.]

Action, under section 2607 of the Code of Civil Procedure, by William M. Rouse, late infant, against Carrie A. Whitney, his former guardian, and the sureties upon her bond, for the recovery of moneys lost through the improper investment by said Whitney in her capacity as administratrix; she being subsequently appointed general guardian, and the recovery being sought against the sureties upon her bond as guardian, rather than her bond as administratrix, under section 2596 of the Code of Civil Procedure. The answer of the defendants Payne and Hodgkins alleged that at the time of the execution of the bond said Whitney "represented and stated falsely and fraudulently" that the bonds in which the investment had been made were good and valid, and that they were thereby induced to sign the bond. Judgment for plaintiff.

Frost, Daring & Warner, for plaintiff.
Smith & Wickes, for defendants Payne and Hodgkins.
Keeshan & Sleicher, for defendant Whitney.

SPENCER, J. The only debatable question in this case, as it seems to me, is the one passed upon by the court during the progress of the trial, and that is whether the defendants Payne and Hodgkins, as sure-

ties upon the bond of the defendant Whitney as guardian, may allege and establish as against the plaintiff, the infant, any fraud or misrepresentation on the part of the defendant Whitney at or prior to the time of the execution of the undertaking, so as to invalidate such undertaking. I was then of the impression that they could not, and am still of the same view.

I think the surrogate's decree, under date of March 3, 1906, was to all intents and purposes a final settlement of the guardian's account. The defendants Payne and Hodgkins, as sureties upon the guardian's bond, were parties to that proceeding, and are bound by the decree entered therein until the same has been modified or reversed by competent authority.

I am also of the opinion that the return unsatisfied of an execution issued upon a surrogate's decree in such a proceeding is all that is necessary to justify an action against the guardian's sureties, and sufficient proof that the plaintiff has exhausted his remedies against the principal in the undertaking.

The deed of conveyance from the defendant Whitney to the plaintiff, dated July 24, 1905, is not to my mind presumptive evidence of a settlement and adjustment of all matters between them. It may not by inference be extended to matters other than those therein specifically mentioned or referred to. The subject-matters of that conveyance being set forth therein, it will be presumed that it has application to only such matters as are specified.

It follows that judgment must be entered for the plaintiff for the relief demanded in the complaint against the defendant, with costs. Let findings of fact and conclusions of law be prepared and submitted in accordance herewith.

Judgment accordingly.